UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT J. LUMPKIN, | NO. C17-1651-MJP-JPD |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| KING COUNTY, *et al.*, | |
| Defendants. | |

## I.     INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff is confined at the Snohomish County Corrections Center in Everett, Washington. On November 29, 2017, plaintiff filed the instant amended complaint under 42 U.S.C. § 1983, along with a Motion to Serve Defendants. Dkts. 8-9. Because the amended complaint challenges the validity of his state court conviction and is therefore barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court recommends that this matter be DISMISSED without prejudice and that plaintiff's motion to serve the amended complaint, Dkt. 9, be DENIED.

REPORT AND RECOMMENDATION
Page - 1

II.     DISCUSSION

A. <u>Background</u>

Plaintiff initiated this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on November 1, 2017. Dkt. 1. After plaintiff was granted *in forma pauperis* status on November 17, 2017, the Court declined to serve plaintiff's initial complaint, Dkt. 6, due to its failure to adequately allege a cause of action under 42 U.S.C. § 1983. Dkt. 7. Plaintiff argued that a mandate issued in his King County Case No. 13-1-02164-8KNT indicated that his criminal conviction had been invalidated. *Id.* at 3. However, plaintiff was incorrect, as the mandate actually signaled the end of review by the Washington Court of Appeal. The Court granted plaintiff thirty (30) days to file an amended complaint. *Id.* at 4.

On November 29, 2017, plaintiff filed an amended complaint against new defendants King County, his former defense attorney Edwin Aralica, as well as the prosecutor and Judge assigned to his King County Case No. 13-1-02164-8KNT. Dkt. 8. Specifically, plaintiff contends that his rights to a fair trial and an impartial jury were violated, leading to unlawful imprisonment for sixty months by a judgment of the King County Superior Court. *Id.* at 1. Plaintiff argues that the presiding juror at his trial completed a jury inquiry form that advised the trial judge that she had been pressured into the verdict, assaulted by one juror, and several other jurors expressed bias against the defendant or otherwise behaved inappropriately during deliberations. *Id.* Plaintiff argues that the trial judge's failure to take any action upon reviewing the presiding juror's statements violated his civil rights. He also states that his trial counsel was ineffective for failing to move for a new trial, or a mistrial, based upon this information. *Id.* at 1-2.

Plaintiff timely raised these claims in a federal habeas petition in Case No. 2:14-cv-1813-JLR-MAT. On September 3, 2015, the Honorable Mary Alice Theiler considered, and

rejected, plaintiff's federal habeas claims based upon the same circumstances set forth in the instant amended complaint. The Honorable James L. Robart adopted the Report and Recommendation, and entered judgment dismissing Mr. Lumpkin's federal habeas petition on September 15, 2015. Plaintiff then filed a Notice of Appeal to the Ninth Circuit Court of Appeals, where his appeal (and request for a Certificate of Appealability) is still pending.

B. Legal Standard

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck,* 512 U.S. at 486–487. The Supreme Court further held that "[a] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. The Supreme Court explained that when a "prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

Thus, a district court should not stay any § 1983 claim for damages implicating the validity of a criminal conviction or sentence until habeas proceedings are completed, as requested by plaintiff in this case. In fact, the Supreme Court in *Heck* expressly considered – and rejected – such an approach. By denying the existence of a cause of action under § 1983 unless and until the conviction or sentence is reversed, such as by the grant of a writ of habeas

corpus, this "makes it unnecessary for us to address the statute-of-limitations issue wrestled with by the Court of Appeals, which concluded that a federal doctrine of equitable tolling would apply to the § 1983 cause of action while state challenges to the conviction or sentence were being exhausted . . . Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen." *Id.* at 489.

Accordingly, *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90 (footnote omitted). Any such claim is not cognizable and therefore should be dismissed. *See Edwards v. Balisok,* 520 U.S. 641, 649 (1997); *Butterfield v. Bail,* 120 F.3d 1023, 1025 (9th Cir .1997) (claim barred by *Heck* may be dismissed under Rule 12(b)(6)); *Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (claim barred by *Heck* may be dismissed sua sponte without prejudice under 28 U.S.C. § 1915).

C.  Plaintiff's Claims are Barred by *Heck*

As discussed above, plaintiff's claims that he was denied a fair trial due to juror bias and misconduct, would, if meritorious, imply the invalidity of his prosecution, conviction, and sentence. As discussed above, *Heck* bars claims challenging the validity of a conviction in the § 1983 context. *See Guerrero v. Gates,* 357 F.3d 911, 918 (9th Cir. 2004) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park,* 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v. Towery,* 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him).

As noted above, plaintiff properly raised his claims in a federal habeas petition in Case No. 2:14-cv-1813-JLR-MAT, and his appeal to the Ninth Circuit is still pending. It is not appropriate to stay this action until plaintiff's appeal of his habeas proceedings are completed, as *Heck* makes it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90. Thus, plaintiff's claims under § 1983 are not cognizable, and should be dismissed.

Accordingly, the Court recommends that plaintiff's amended complaint, Dkt. 8, be DISMISSED without prejudice to plaintiff bringing a new action raising these claims should be satisfy the *Heck* pleading requirements in the future. Plaintiff's motion to serve the complaint, Dkt. 9, is also DENIED.

A proposed order accompanies this Report and Recommendation. The Clerk is directed to send copies of this Order to plaintiff and to the Honorable James P. Donohue.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **January 2, 2018**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **January 5, 2018.**

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

//

REPORT AND RECOMMENDATION
Page - 5

1  assigned District Judge acts on this Report and Recommendation.

2          DATED this 11th day of December, 2017.

3

4                                              _James P. Donohue_

5                                              JAMES P. DONOHUE
                                               Chief United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION
Page - 6